ANNE PENACHIO (AJP-9721)
Counsel to the Plaintiff
575 White Plains Road
Eastchester, NY 10709
(914) 961-6003

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                  :

In re:
                                  :
                                  Chapter 7
   IRWIN SCHNEIDMILL,       :

           Debtor.         :
                                  Case No.: 05-25222 (ASH)
                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

                                  :
ELLEN FAITH HURWITCH
                                  :
           Plaintiff,          Adversary Proceeding No.:
                                  :
   -against-
                                  :

IRWIN SCHNEIDMILL,          :

                                  :
           Defendant.
                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## **COMPLAINT**

       **ELLEN FAITH HURWITCH**, the plaintiff herein (the "Plaintiff") and a creditor of the above-captioned debtor, by and through her attorney, **ANNE PENACHIO**, bring the following causes of action against **IRWIN SCHNEIDMILL**, the debtor and the defendant herein

1

(the "Defendant") and respectfully alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Bankruptcy Court over the instant adversary proceeding is based upon 28 U.S.C. §§ 157(a) and 1334 and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States Bankruptcy Court for the Southern District of New York (Ward, Acting C.J.) dated July 10, 1984.

2. This complaint is brought under Sections 105, 523 and 727 of Chapter 11 of Title 11 of the United States Code, as amended (the "Bankruptcy Code") and the general equitable powers of the Bankruptcy Court. This complaint is also brought under Rules 7001 et seq. of the Federal Rules of Bankruptcy Procedure and applicable Local Rules promulgated for this jurisdiction.

3. Jurisdiction of this Bankruptcy Court over the Defendant is based upon 28 U.S.C. § 1334.

4. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (F).

5. Venue of this action is proper in the Bankruptcy Court in this District pursuant to 28 U.S.C. § 1409(a).

## THE DEFENDANT'S BANKRUPTCY BACKGROUND

6. The Defendant is an individual who filed with this Court a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on or about October 14 2005 and this case was assigned to the Bankruptcy Judge herein.

7. Jeffrey L. Sapir was appointed as Chapter 7 trustee of the Debtor's estate. He continues to serve in such capacity.

8. The meeting of creditors mandated by Section 341 of the Bankruptcy Code was conducted in or about December 22, 2005.

9. The Plaintiff appeared at such meeting and asked the Debtor a limited number of questions regarding his financial affairs.

## THE PARTIES

10. The Plaintiff is an individual residing at 160 Butler Street, Westbury, New York 11590.

11. The Defendant is an individual currently residing, upon information and belief, at 5101 Overhill Drive, Pomona, New York.

12. The Plaintiff and the Defendant were friends and colleagues for many years. The Defendant, a certified public accountant, operated several successful mail order businesses.

13. On or about February 27, 2002, the Plaintiff loaned the Defendant $30,000.00. In order to induce the Plaintiff to lend him the funds, the Defendant advised the Plaintiff that he was undergoing temporary cash flow problems. In reality, the Defendant required the loan from the Plaintiff because, upon information and belief, he was experiencing financial reverses due to his fraudulent conduct with respect to customers of his business.

14. In connection with the aforementioned loan, the Defendant executed a promissory note in favor of the Plaintiff. The Defendant failed to satisfy the note which became due and payable on or about February 27, 2003.

15. The Plaintiff commenced an action against the Defendant in New York State Supreme Court, Nassau County based upon his failure to satisfy the note. She obtained a judgment against the Defendant in the amount of approximately $37,000.00 plus interest.

## THE DEFENDANT'S FINANCIAL AFFAIRS

16. The Defendant lived an extravagant lifestyles that included luxury vehicles, a country club membership, and a lavish home (the "Home").

17. Prior to filing for bankruptcy relief, the Defendant also owned a large portfolio of stocks, including a holding in Nutrisystem, Inc. (the "Stock").

18. The Debtor has failed to adequately account for the loss and/or diminution of his assets including the Home and the Stock.

19. Upon information and belief, the Debtor, in an effort to hinder, fraud and delay his creditors, has established ownership of certain of his property in family members or friends.

20. Upon information and belief, in an effort to hinder, delay, or defraud his creditors, within a year prior to the filing of his Chapter 7 petition, the Defendant engaged in a pattern of placing title of his assets in family members and friends.

## THE DEBTOR'S BANKRUPTCY FILINGS

21. Upon information and belief, the Defendant's Schedules and Statement of Affairs contain numerous material misrepresentations.

22. Such misrepresentations were made by the Defendant with the actual intent to deceive his creditors.

23. Upon information and belief, the Defendant failed to disclose his actual income on Schedule I.

24. At the meeting of creditors and on Schedule I filed with his petition, the Defendant indicated that his sole source of income was from his position as a consultant at Economic Solutions, Inc. where he allegedly worked for 2 years.

25. Upon information and belief, since January 2005, the Defendant has been

employed as the Chief Operating Officer of Parselogic.   Upon information and belief, at Parselogic, the Defendant is responsible for all corporate operations and financial functions of the company.

26.   Upon information and belief, the Defendant failed to disclose his actual expenses but rather fraudulently represented his expenses, inflating them to avoid a dismissal of his case.

27.   It appears from a review of Schedule J filed with the Debtor's Chapter 7 petition, such inflated expenses include the following:

> Housing - $2,533.00
>
> Telephone and Internet - $500.00
>
> Food - $1,000.00
>
> Clothing $250.00
>
> Laundry and Dry cleaning - $200.00
>
> Life Insurance - $450.00
>
> Car payment -    $616.00
>
> Student Loans -  $745.00
>
> Tuition Payments - $1,000.00
>
> Medical Expenses - $500.00

It is submitted that the aforementioned expenses are not ordinary and necessary but are excessive specifically orchestrated to avoid a dismissal of the Defendant's bankruptcy case.[1]

---

[1] It is submitted that if the expenses are accurate, they are excessive and the Chapter 7 case should be dismissed.

**FIRST CLAIM FOR RELIEF AGAINST THE DEFENDANT**
**(The Defendant's obligation to the Plaintiff is non-dischargeable under § 523(a)(2))**

28. The Plaintiff repeats, reiterates and realleges paragraphs "1" through "27" as if fully set forth and at length herein.

29. The Defendant willfully obtained money from the Plaintiff by false pretenses, false representations and/or actual fraud.

30. Therefore, pursuant to Section 523(a)(b) of the Bankruptcy Code, his debt to the Plaintiff is non-dischargeable.

**SECOND CLAIM FOR RELIEF AGAINST THE DEFENDANT**
**(The Defendant should not be discharged from his debts under § 727(a)(2))**

31. The Plaintiff repeats, reiterates and realleges paragraphs "1" through "30" as if fully set forth and at length herein.

32. The Defendant, with the intent to hinder, delay, or defraud his creditors, has transferred, removed, destroyed, mutilated, and/or concealed his property or has permitted his property to be transferred, removed, destroyed, mutilated and/or concealed within one year before the filing of his Chapter 7 petition. Specifically, the Defendant has concealed his interest in assets of which he is the equitable owner.

33. As a result, the Defendant is not entitled to be discharged from his debts.

**THIRD CLAIM FOR RELIEF AGAINST THE DEFENDANT**
**(The Defendant should not be discharged from his debts under § 727(a)(3))**

34. The Plaintiff repeats, reiterates and realleges paragraphs "1" through "33" as if fully set forth and at length herein.

6

35. The Defendant, upon information and belief with the intent to hinder, delay, or defraud his creditors, and without justification, has concealed assets. Specifically, the Defendant placed stock and his interest in the Home and other assets in the names of family members and friends.

36. As a result, the Defendant is not entitled to be discharged from his debts.

**FOURTH CLAIM FOR RELIEF AGAINST THE DEFENDANT**
**(The Defendant should not be discharged from his debts under § 727(a)(4))**

37. The Plaintiff repeats, reiterates and realleges paragraphs "1" through "36" as if fully set forth and at length herein.

38. The Defendant knowingly and fraudulently made a false oath on his Schedules and Statement of Financial Affairs. Specifically, he misrepresented his income, his expenses and his employment.

39. The Debtor knowingly and fraudulently made a false oath at the meeting of creditors.

40. As a result, the Defendant is not entitled to be discharged from his debts.

**FIFTH CLAIM FOR RELIEF AGAINST THE DEFENDANT**

**(The Defendant should not be discharged from his debts under § 727(a)(5))**

41. The Plaintiff repeats, reiterates and realleges paragraphs "1" through "40" as if fully set forth and at length herein.

42. The Defendant has failed to explain satisfactorily, before determination of a denial of discharge, any loss of assets or deficiency of assets to meet his liabilities. Specifically, he failed to account for his stock, his interest in the Home and / or other assets.

43. By reason of the foregoing, the Defendant is not entitled to be discharged from his debts.

**WHEREFORE,** it is respectfully requested that judgment be entered against the Defendant:

(I) denying the dischargeability of his debt to the Plaintiff;

(II) denying his discharge;

(III) for reasonable legal fees and costs in connection with this action; and

(IV) for such other and further relief as it deems just, proper and equitable.

TO:     Irwin Schneidmill
         Thomas Scuderi, Esq.

Dated: Eastchester, New York          **ANNE PENACHIO**
      February 20, 2006

                                                /s/ Anne Penachio
                                                Anne Penachio (AJP-9721)
                                                Counsel to Plaintiff
                                                575 White Plains Road
                                                Eastchester, New York
                                                (914) 961-6003