| | |
|---|---|
| ANNE PENACHIO, ESQ. | BARR & HAAS, LLP |
| Anne Penachio, Esq. (AJP-9721) | Harvey Barr, Esq. (HB-3300) |
| 575 White Plains Road | 664 Chestnut Ridge Road |
| Eastchester, New York 10709 | Spring Valley, New York 10977 |
| (914) 961-6003 | (845) 352-4080 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

In re:                                                             :         Chapter 7

   IRWIN SCHNEIDMILL,                          :         Case No.: 05-25222 (ash)

                               Debtor.        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

ELLEN FAITH HURWITCH,                            :

              Plaintiff,                               :         ADV. PROC. NO.: 06-08238 (ASH)

   -against-                                              :

IRWIN SCHNEIDMILL,                                :

              Defendant.                            :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## STIPULATION RESOLVING ADVERSARY PROCEEDING

**WHEREAS**, **IRWIN SCHNEIDMILL**, the debtor herein (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, as amended, on or about October 14, 2005, and the case was referred to the bankruptcy judge herein;

**WHEREAS**, Jeffrey L. Sapir was appointed Chapter 7 trustee of the Debtor's estate and continues to serve in that capacity.

**WHEREAS, ELLEN FAITH HURWITCH**, the plaintiff herein (the "Plaintiff") holds a judgment against the Debtor in the amount of approximately $ 35,000.00.

**WHEREAS**, on or about February 20, 2006, the Plaintiff commenced an adversary proceeding (the "Action") against the Debtor to deny the dischargeability of his debt to her pursuant to Sections 523(a)(2) of the Bankruptcy Code and his discharge pursuant to Sections 727(a)(2), (3), (4) and (5) of the Bankruptcy Code, and,

**WHEREAS**, the Debtor filed and served an answer denying the allegations set forth in the Complaint, and raising defenses, and

**WHEREAS**, following the exchange and review of documents and information it became apparent that a basis for a finding by this Court against the Debtor under 11 U.S.C. Section 523 (a)(2) and/ or 11 U.S.C. Section 727(a)(2),(3),(4) or (5) of the Bankruptcy Code was tenuous, at best, and,

**WHEREAS**, the parties wish to avoid what could be contentious, costly and protracted litigation, and,

**WHEREAS**, settlement negotiations culminated in a resolution of the dispute between the parties.

**NOW THEREFORE, IT IS HEREBY AGREED TO AND STIPULATED AS FOLLOWS:**

1. The Debtor will pay to the Plaintiff the sum of $6,000.00 in full and Complete satisfaction of any and all indebtedness that the Debtor may have to the Plaintiff as follows:

    (i) $ 2,000.00 within ten (10) days after this Stipulation is "so ordered" by the Court (the "Initial Payment").

      (ii)    $ 2,000.00 within thirty (30) days from the date of the Initial Payment.

      (iii)    $ 2,000.00 within sixty (60) days from the date of the Initial Payment.

The payments shall be made by certified, bank or attorney escrow check payable to "Ellen Faith Hurwitch" and delivered to her attorney, Anne Penachio, at the address indicated herein.

    2.    In the event that the Debtor fails to make any of the payments set forth in paragraph 1 hereof, Plaintiff may forward to his counsel, by facsimile and first class mail, a letter notifying him of the default. Debtor shall have ten(10) days to cure the default. In the event that the default is not cured, Plaintiff may undertake collection efforts. Debtor shall be liable for Plaintiff's reasonable collection costs.

    3.    In the event that Debtor fails to cure any default in payments required hereunder, he shall be assessed a penalty of $ 100.00 per day up to $ 4,000.00.

    4.    Plaintiff shall deliver a fully executed Satisfaction of Judgment of the Judgment obtained by Plaintiff in State Court against the Debtor that forms the basis of Plaintiff's claim to her Attorney Anne Penachio to be held by her until payment is made in full under the terms of this stipulation. Within ten (10) days of payment in full, the Attorney for Plaintiff shall deliver the Satisfaction of Judgment in recordable form to the Attorney for the Debtor to be recorded so as to remove the State Court Judgment from the record.

    5.    This Stipulation may be signed in counter-part in which each counter-part is considered an original.

    6.    Facsimile signatures will be considered original signatures.

    7.    This Stipulation is subject to the approval of the Bankruptcy Court.

    8.    This Stipulation is in the best interests of all parties and does not impose any undue hardship upon the Debtor or any of the Debtor's dependents.

3

9. The parties have read the Stipulations and have been fully advised of their rights and obligations hereunder and under the United States Bankruptcy Code. The parties hereby acknowledge their acceptance and understanding of the terms and their rights and obligations under this Stipulation and the law by the execution of this agreement.

10. Upon the "So Ordering" of this Stipulation, the Plaintiff will withdraw her complaint with prejudice and without costs to either party and will execute any and documents necessary to effectuate such dismissal.

| | |
|---|---|
| Dated: Eastchester, New York<br>January 21, 2007 | **ANNE PENACHIO, ESQ.**<br><br>/s/ Anne Penachio<br>_____<br>Anne Penachio, Esq. (AJP-9721)<br>Attorney for the Plaintiff<br>575 White Plains Road<br>Eastchester, New York 10709<br>(914) 961-6003 |
| Dated: Spring Valley, New York<br>October 23, 2007 | **BARR & HAAS, LLP.**<br>/s/ Harvey Barr<br>_____<br>Harvey Barr, Esq. (HB-3300)<br>Attorney for the Debtor<br>664 Chestnut Ridge Road<br>Spring Valley, New York 10977-6201<br>(845) 352-4080 |